**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 22, 2013
Decided March 22, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3287

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District Wisconsin. |
| *v.* | No. 11-CR-251-JPS |
| QUINCY D. BENJAMIN, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Wisconsin inmate Quincy Benjamin, early into his 51-year sentence for rape, sent a letter through the United States Postal Service to a witness in the rape case, threatening to kill the witness or his family unless money was sent to him in prison. This was his second such incident: only a month before, he had been sentenced to 35 months—with 11 of those months to run consecutive to his state sentence—for mailing threats to the state prosecutor who prosecuted him in the earlier proceeding. Benjamin pleaded guilty to knowingly using

the U.S. Postal Service to make threats, *see* 18 U.S.C. § 876(c), and was sentenced to 24 months' additional imprisonment. Benjamin filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Benjamin has not responded to his counsel's submission. *See* Cir. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Benjamin has informed his lawyer that he wants to challenge only his sentence on appeal, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Benjamin could challenge the reasonableness of his 24-month prison sentence but appropriately rejects such a challenge as frivolous. The prison term is at the bottom of a properly calculated guidelines range (24–30 months) and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir. 2011). Counsel identifies no sound reason to disturb that presumption. The district court assessed the factors in 18 U.S.C. § 3553(a), and reasonably concluded that a within-range term is necessary to provide adequate deterrence, and reflect both Benjamin's criminal history and  the seriousness of the offense.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.